UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

BROADCAST MUSIC, INC. *et al.*,

                    Plaintiff,

       - against -

760 8th AVE. REST., INC. *et al.*,

                    Defendant.

------------------------------------------------x

14 Civ. 3373

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/15

    Months after answering the complaint, defendants have identified two errors in the complaint and seek leave to amend their answer in view of these errors. The first error is that the complaint refers to "Anthony John Juliano" as a defendant. There is no such person. Instead, several persons—John Juliano, and Kyle Juliano—are officers of the restaurant company, and Anthony Juliano is apparently a former owner. The second error is that, while the complaint alleges that the unauthorized performances took place on September 7, 2013, the Certificate of Infringement Report signed by plaintiffs' investigator indicates that some or all of the performances may have occurred on the night of September 6, 2013.

    Accordingly, defendants move to make four changes to their answer. The first two changes correct defendants' mistaken admission

that "Anthony John Juliano" is an officer of defendant 760 8th Ave. Rest. Inc. The third change reflects defendants' position that the performances in question did not take place on September 7, 2013, as stated in the complaint. The fourth change appears to be little more than the correction of an incomplete sentence in the answer. Namely, paragraph 22 of defendants' answer currently reads: "Having delayed for over 10 months in bringing this action, Plaintiffs' claims are barred by the doctrine of laches. Since Defendants' establishment also caters to strictly private parties such as weddings, prom nights, birthdays, etc." At this juncture in the paragraph, defendants seek to add the following sentence: "Based on a review of the Defendants' rental records for the Club's venues, Defendants deny that such alleged infringements took place at public performances."

In response to defendants' motion, plaintiffs move for leave to file an amended complaint that would moot the issues addressed by defendants' proposed amendments. The proposed amended complaint names John, Kyle, and Anthony Juliano, instead of the incorrect "Anthony John Juliano." Further, the amended complaint clarifies that the alleged unauthorized performances took place on the evening of September 6, 2013, and the early morning of September 7, 2013.

## Discussion

The court grants plaintiffs' motion for leave to file an amended complaint, and denies defendants' motion for leave to file an amended

answer. The proposed amended complaint adequately addresses the issues described by defendants. In their existing answer, defendants already raise the argument that the musical performances in their restaurant were not open to the public.

## Conclusion

Defendants' motion is denied as unnecessary. Plaintiffs' motion for leave to file an amended complaint is granted. This resolves the motions listed as documents 13 and 14 in this case, 14-CV-3373.


Dated: New York, New York
       February 20, 2015

SO ORDERED

Thomas P. Griesa
U.S.D.J.